IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY RAIN-ELI BADON (# 16003946), | § | |
| Petitioner, | § | |
| V. | § | No. 3:16-cv-1920-G-BN |
| DALLAS COUNTY, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Anthony Rain-Eli Badon, a pretrial detainee at the Dallas County Jail, has filed this *pro se* 28 U.S.C. § 2241 action against Dallas County. *See* Dkt. No. 3. Senior United States District Judge A. Joe Fish has referred this case to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the habeas petition should be dismissed without prejudice to Badon's right to pursue available state court remedies.

**Applicable Background**

According to his petition and Dallas County court records available online, Badon has been confined pretrial in the Dallas County Jail since January 2016 on charges of aggravated assault of a child and burglary of a habitation. *See* Dkt. No. 3 at 2-3; *State v. Badon*, Nos. F16-75313 & F16-40197 (Crim. Dist. Ct. No. 3, Dallas Cnty., Tex.). Online court records further reflect that Badon is represented by counsel

in the ongoing state criminal proceedings and that, on August 5, 2016, the prosecutor and his counsel requested that a jury trial be held in November 2016, with a pretrial in October. The grounds presented in the Section 2241 petition all concern challenges to the ongoing state criminal proceedings. *See* Dkt. No. 3 at 5-8.

**Legal Standards and Analysis**

The Court should not at this time derail Badon's state criminal proceedings by considering whether he is entitled to habeas relief under 28 U.S.C. § 2241.

"A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006). Badon's incarceration in Dallas County satisfies the initial "in custody" requirement. *See id.* But he must also exhaust "his available state remedies." *Id.* at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)).

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by an currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir . 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789,

> 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
>
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Id.*; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Badon has failed to make this showing.

**Recommendation**

The Court should summarily dismiss the pending habeas action without prejudice to Badon's right to pursue available state court remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved p0arty from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 17, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE